United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50666
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO BARRAZA, also known as David Ortiz, also known as
David Elizario Barraza,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-400-ALL-KC
---------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reynaldo Barraza appeals the sentence that he received after
he pleaded guilty to importing marijuana and to possessing with
intent to distribute marijuana.  Barraza argues that he was
entitled to a two-level reduction in his base offense level
pursuant to U.S.S.G. § 3B1.2 because, as a courier, he was a
minor participant in a drug-smuggling operation.

Whether a defendant is entitled to a § 3B1.2 adjustment
"turns upon culpability, not courier status."  United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Buenrostro</u>, 868 F.2d 135, 138 (5th Cir. 1989). "[T]o qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." <u>United States v. Miranda</u>, 248 F.3d 434, 446-47 (5th Cir. 2001). In light of Barraza's admission that, had he successfully crossed the border in his courier status, he would have accepted even more money to continue on another leg of the trip, the district court did not clearly err when it denied the reduction. <u>See</u> <u>United States v. Deavours</u>, 219 F.3d 400, 404 (5th Cir. 2000).

AFFIRMED.